UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMES DONALD DAHL,<br><br>Petitioner,<br><br>v.<br><br>EDDIE MILES, JR.,<br><br>Respondent. | Civ. No. 16-cv-3571 (JRT/BRT)<br><br><br><br>**REPORT AND RECOMMENDATION** |

Petitioner James Donald Dahl filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2010 state criminal conviction for criminal sexual conduct. (Doc. No. 2.)

When this matter first came before this Court for initial review, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court noted that the action appeared to be time-barred because it was not filed within one year after Dahl's conviction became final, as required by 28 U.S.C. § 2244(d)(1)(A).[1] This Court ordered Dahl to "submit a written memorandum and affidavit that (a) explains

---

[1] 28 U.S.C. § 2244(d)(1)(A) provides that --

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...."

the full procedural history of his state court proceedings, including the dates when he filed any post-conviction motions and appeals, and (b) shows cause why his petition should not be summarily dismissed pursuant to 28 U.S.C. § 2244(d)." (Doc. No. 13.) Dahl has now filed a "Chronology of Legal Proceedings" (hereinafter "chronology") (Doc. No. 18-1 at 1-2) and additional materials including letters, memoranda and an affidavit. (Doc. Nos. 14-18, 19, 21.)

According to his chronology, Dahl was convicted of criminal sexual conduct in 2010 and sentenced to serve 173 months in prison. (Doc. No. 18-1 at 1.) The Minnesota Court of Appeals affirmed his conviction on September 26, 2011 and the Minnesota Supreme Court denied review on December 21, 2011. (Doc. No. 18-1 at 1); *State v. Dahl*, 2011 WL 4435325 (Minn. Ct. App. 2011) (unpublished). More than two years later, on March 17, 2014, Dahl filed a petition for post-conviction relief in Minnesota state court "on the ground that he received ineffective assistance of counsel at trial." (Doc. No. 18-1 at 1); *Dahl v. State*, 2016 WL 4263020 *1 (Minn. Ct. App. 2016) (unpublished). On September 24, 2015, the state post-conviction petition was denied. (Doc. No. 18-1 at 2.) The Court of Appeals affirmed the denial of relief on August 15, 2016, and the Minnesota Supreme Court denied the petition for further review on October 26, 2016. (Doc. No. 18-1 at 2.)

The grounds for relief in Dahl's federal habeas petition include the ineffective assistance of trial counsel claims from his state post-conviction petition (Doc. No. 2 at 5) and three grounds for relief related to the post-conviction court's evidentiary hearing that the Minnesota Court of Appeals did not have before it. (Doc. No. 2 at 7, 8, 10); *Dahl v.*

*State*, 2016 WL 4263020 at *2-3 (summarizing Dahl's claims of ineffective assistance of trial counsel). The claims not included in the Minnesota Court of Appeals opinion include judicial bias, prosecutor misconduct, and criminal perjury by a judge all allegedly during Dahl's post-conviction evidentiary hearing. [2] (Doc. No. 2 at 7, 8, 10.)

Dahl's conviction became final, for statute of limitation purposes, upon "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" 28 U.S.C. § 2244(d)(1)(A). The Minnesota Supreme Court denied Dahl's petition for further review on December 21, 2011. He then had an additional ninety days to file in the United States Supreme Court. *See Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998) (state criminal convictions are not final for statute of limitations purposes until the deadline for seeking certiorari has expired); *see also Dixon v. Wachtendorf*, 758 F.3d 992, 993 (8th Cir. 2014). His conviction was therefore final on or about March 21, 2012. The limitation period for seeking federal habeas corpus relief expired one year later on or about March 21, 2013.

Under 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a "properly filed application for State post-conviction" relief is pending in the state courts. The tolling clause cannot save Dahl's petition, however, because the statute of limitations had already expired before Dahl filed his state post-conviction motion. *See Painter v. State of Iowa*, 247 F.3d 1255 (8th Cir. 2001) ("by the time [petitioner] filed his state court application [for post-conviction relief] . . . there was no federal limitations period

---

[2]   In some places in his petition, Dahl alleges that these three grounds have been presented to the Minnesota Court of Appeals but they were not mentioned in that Court's opinion.

remaining to toll"). As discussed above, the federal statute expired in March 2013 but Dahl did not file his state post-conviction motion until March 2014, approximately one year too late for the tolling provision to apply to his case. The deadline for seeking federal habeas corpus relief had already expired before the state post-conviction motion was even filed.

Although the "timeliness provision in the federal habeas corpus statute is subject to equitable tolling," *Holland v. Florida*, 560 U.S. 631, 634 (2010), "[e]quitable tolling is 'an exceedingly narrow window of relief.'" *Gordon v. State of Ark.*, 823 F.3d 1188, 1195 (8th Cir. 2016) (quoting *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)). A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Gordon*, 823 F.3d at 1195 (quoting *Muhammad v. U.S.*, 735 F.3d 812, 815 (8th Cir. 2013)); *Rues v. Denney*, 643 F.3d 618, 621 (8th Cir. 2011). This Court has reviewed Dahl's petition and supporting materials for allegations that might support equitable tolling and he has not made such a showing. Dahl has not alleged that he pursued his rights diligently and was unable to pursue his post-conviction claims for more than a year after his conviction was final. Moreover, all the claims in the state post-

conviction petition related to claims of ineffective assistance of trial counsel[3] that would have been known to him immediately following his trial.[4]

Dahl has made a conclusory statement that he is innocent (Doc. No. 17 at 1) but he has not provided any new evidence or factual basis for that claim. Actual innocence may serve "as a gateway through which a [habeas] petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). However, "tenable actual-innocence gateway pleas are rare" and require "new evidence" that shows "no juror, acting reasonably, would have voted to find [the petitioner] guilty beyond a reasonable doubt." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995) and *House v. Bell*, 547 U.S. 518, 538 (2006)). The petitioner must present "new evidence not present at the original trial." *Buermann v. Roy*, 2016 WL 4179868 *2 (D. Minn. 2016) (quoting *Johnson v. Norris*,

---

[3]   Dahl made an ineffective assistance of appellate counsel claim to the post-conviction court but dropped that claim when he appealed the post-conviction court's decision to the Minnesota Court of Appeals. *Dahl*, 2016 WL 4263020 at *2.

[4]   Three of Dahl's grounds for relief relate to his post-conviction hearing (Doc. No. 2 at 7-10) but those grounds do not appear to have been properly raised before the state courts and would therefore either be unexhausted or procedurally defaulted. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Morgan v. Javois*, 744 F.3d 535, 538 (8th Cir. 2013). According to the Minnesota case records website, some of these three grounds may have been raised after Dahl's appeal of his post-conviction case was already over. *See* http://macsnc.courts.state.mn.us. Dahl's petition is unclear as to whether he presented these three claims to the state courts. Although Dahl's failure to properly raise those claims before the Minnesota courts suggests they are procedurally defaulted, this Court need not reach that question because his petition is time-barred. Additionally, his views of the post-conviction proceedings do not shed any light on the reason for delay in filing the post-conviction petition in the first place.

170 F.3d 816, 817-18 (8th Cir. 1999) ("generally an actual innocence claim cannot excuse the late filing of a habeas corpus petition"); *see also Kidd v. Norman*, 651 F.3d 947, 952 (8th Cir. 2011) (gateway claim of actual innocence requires petitioner "come forward not only with new reliable evidence which was not presented at trial but to come forward with new reliable evidence which was not available at trial through the exercise of due diligence."). Although the "actual innocence" exception circumvents the need for proving diligence in attempting to bring the claim within the statute of limitations period, "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *McQuiggin*, 133 S. Ct. at 1935.

Dahl's unsupported reference to innocence, without more, is insufficient to overcome the statute of limitations bar to his petition. *See Kidd*, 651 F.3d at 951-52 (petitioner must support a gateway claim with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence") (quoting *Schlup v. Delo*, 513 U.S. at 324); *see also Holliday v. Kelley*, 637 Fed. Appx. 264, 265 (8th Cir. 2016) (unpublished) (allegation that a DNA rape kit exists sufficient for a gateway claim). Dahl failed to provide this Court with factual evidence of his innocence. *See McQuiggin*, 133 S.Ct. at 1929 (petitioner provided affidavits of witnesses to habeas court to support his actual innocence claim).

For the reasons discussed above, this Court concludes that this action is indeed barred by the one-year statute of limitations imposed by § 2244(d)(1). This Court will therefore recommend that this action be summarily dismissed with prejudice.

Finally, this Court notes that a § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing where the petition is dismissed on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484; *see also Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002).

This Court finds it unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Dahl's petition any differently than has been recommended here. This Court cannot identify anything novel about this case that warrants appellate review. It is therefore recommended that Dahl not be granted a COA in this matter.

## RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

**IT IS HEREBY RECOMMENDED that**:

1. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be **DENIED**;

2. Petitioner's request for a certificate of appealability be **DENIED**; and

3. This action be **DISMISSED WITH PREJUDICE**.


Dated:  February 15, 2017.              *s/ Becky R. Thorson*
                                        BECKY R. THORSON
                                        United States Magistrate Judge


## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.