# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMES DONALD DAHL,<br><br>Petitioner,<br><br>v.<br><br>EDDIE MILES, JR.,<br><br>Respondent. | Civil No. 16-3571 (JRT/BRT)<br><br>**MEMORANDUM OPINION AND ORDER REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

James Donald Dahl, No. 124796, Minnesota Correctional Facility, 1101 Linden Lane, Faribault, MN 55031, *pro se*.

Janelle P. Kendall, Stearns County Attorney, and Michael J. Lieberg, Assistant County Attorney, **STEARNS COUNTY ATTORNEY'S OFFICE**, 705 Courthouse Square, Room 448, St. Cloud, MN 56303, for respondent.

Petitioner James Donald Dahl was convicted of criminal sexual conduct in 2010 in state court. Dahl filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court now considers Dahl's objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Becky Thorson recommending denial of Dahl's petition. After a thorough review of Dahl's objections, the Court will adopt the Report and Recommendation that Dahl's habeas petition is time-barred, and thus dismissal of Dahl's petition is warranted.

## BACKGROUND

### I. DAHL'S STATE-COURT PROCEEDINGS

In 2010, after a jury trial, Dahl was convicted of criminal sexual conduct in Stearns County District Court. He was sentenced to serve 173 months in prison. The

Minnesota Court of Appeals affirmed his conviction on September 26, 2011, and the Minnesota Supreme Court denied review on December 21, 2011. *State v. Dahl*, No. A10-1813, 2011 WL 4435325 (Minn. Ct. App. Sept. 26, 2011), *review denied*, (Minn. Dec. 21, 2011).

Dahl filed a state petition for post-conviction relief on March 17, 2014, asserting ineffective assistance of trial and appellate counsel. The post-conviction court held a three-day evidentiary hearing in January 2015 in which Dahl called five witnesses and testified on his own behalf. Dahl's petition for post-conviction relief was denied in a 52-page order on September 24, 2015, which the Minnesota Court of Appeals affirmed on August 15, 2016. The Minnesota Supreme Court denied review on October 26, 2016. No. A15-1870, *Dahl v. State*, 2016 WL 4263020 (Minn. Ct. App. Aug. 15, 2016), *review denied*, (Minn. Oct. 26, 2016).

## II. PROCEDURAL HISTORY

Dahl filed this habeas petition on October 19, 2016. (Petition for Writ of Habeas Corpus ("Petition"), Oct. 19, 2016, Docket No. 2.) Dahl moved to appoint counsel on the same day. (Mot. to Appoint Counsel, Oct. 19, 2016, Docket No. 4.) Overall, Dahl filed eight documents, including his petition and motion as well as letters and statements, between October 19 and November 21, 2016.[1] On November 22, 2016, the Magistrate

---

[1] (*See* Petition; Letter to Clerk's Office, Oct. 19, 2016, Docket No. 3; Mot. to Appoint Counsel; Statement of Facts, Oct. 19, 2016, Docket No. 5; Charges Against 8th District Judge, Oct. 19, 2016, Docket No. 6; Notice, Oct. 27, 2016, Docket No. 9; Notice, Nov. 7, 2016, Docket No. 11; Letter, Nov. 21, 2016, Docket No. 12.)

Judge issued an order directing Dahl to submit a written memorandum and affidavit explaining the full procedural history of his state-court proceedings and showing cause as to why his petition should not be summarily dismissed pursuant to the statute of limitations codified in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d).[2] (Order, Nov. 22, 2016, Docket No. 13.) In addition, the Magistrate Judge denied Dahl's motion for appointment of counsel, reasoning that

> [a]t this early stage of the proceedings . . . the relevant factors skew against appointment of counsel. Neither the facts nor the legal issues raised in the petition are so complex as to warrant appointment of counsel at this time.

---

[2] Section 2244(d) sets out the statute of limitations for habeas petitions as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

> It appears to the Court that Petitioner has the ability to articulate his claims, to argue his positions, and to communicate effectively with the Court.

(*Id.* at 3.)

In response to the Magistrate Judge's order, Dahl filed seven additional documents between December 1, 2016, and January 9, 2017, including a timeline of his state-court proceedings as well as additional explanation of the basis for his claims.[3] Dahl claims innocence and asserts a number of constitutional errors in his state-court proceedings.

On February 15, 2017, the Magistrate Judge issued an R&R recommending dismissal with prejudice of Dahl's habeas petition.[4] (R&R, Feb. 15, 2017, Docket No. 22.) The Magistrate Judge found that Dahl's petition is time-barred because it was filed more than a year after March 21, 2012 – the date that Dahl's state-court conviction became final.[5] (*Id.* at 3 (citing § 2244(d)).) The Magistrate Judge found that while a pending state petition for post-conviction relief tolls AEDPA's statute of limitations,

---

[3] (*See* Letter, Dec. 1, 2016, Docket No. 14; Mem. No 1, Dec. 7, 2016, Docket No. 15; Mem. No 2, Dec. 7, 2016, Docket No. 16; Aff. of James Donald Dahl, Dec. 7, 2016, Docket No. 17; Letter, Dec. 12, 2016, Docket No. 18; Letter to Clerk's Office, Jan. 3, 2017, Docket No. 19; Letter, Jan. 9, 2017, Docket No. 21.)

[4] At no time did the Magistrate Judge order Respondent Eddie Miles, Jr. to file a written response to Dahl's petition or objections.

[5] The Court concurs with the Magistrate Judge's calculation of the date Dahl's conviction became final. The Minnesota Supreme Court denied review of Dahl's conviction on December 21, 2011; thus, Dahl's conviction became final for purposes of AEDPA ninety days later, upon the conclusion of the period in which Dahl could have sought review by the United States Supreme Court. *See Boston v. Weber*, 525 F.3d 622, 624 (8th Cir. 2008) ("When the state court of last resort enters a judgment in a direct criminal appeal and the petitioner does not seek a writ of certiorari, the judgment is final at the conclusion of the ninety days allowed by the Supreme Court for the filing of such a writ."). Thus, the one-year statute of limitations for a federal habeas petition expired in March 2013.

Dahl filed his post-conviction petition after the AEDPA statute of limitations had already expired, so there was "no federal limitations period remaining to toll." (*Id.* at 3-4 (quoting *Painter v. State of Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001).)

Addressing possible exceptions to the statute of limitations, the Magistrate Judge concluded that Dahl did not demonstrate that he is entitled to equitable tolling of the statute of limitations, as described in *Holland v. Florida*, 560 U.S. 631, 634 (2010), because Dahl did not show that "he pursued his rights diligently and was unable to pursue his post-conviction claims for more than a year after his conviction was final." (*Id.* at 4.) The Magistrate Judge also concluded that Dahl's claim of actual innocence did not overcome the statute of limitations, as set out in *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), because Dahl failed to provide any new evidence not present at the original trial going to Dahl's innocence. (*Id.* at 5-6.) Finally, the Magistrate Judge declined to recommend that the Court issue a Certificate of Appealability based on the conclusion that "it [is] unlikely that any other court . . . would decide Dahl's petition any differently than has been recommended." (*Id.* at 7.)

In response to the R&R, Dahl filed eight additional documents, which the Court construes as objections and supplemental objections.[6]

---

[6] (*See* Letter, Feb. 17, 2017, Docket No. 23; Obj. to R&R, Feb. 27, 2017, Docket No. 24; Mot. for Dismissal of Denied for Certificate of Appealability, Feb. 27, 2017, Docket No. 25; Suppl. Obj., Mar. 1, 2017, Docket No. 26; Suppl. Objs., Mar. 6, 2017, Docket No. 27; Suppl. Objs., Mar. 6, 2017, Docket No. 28; Suppl. Obj., Mar. 8, 2017, Docket No. 29; Suppl. Objs., Mar. 9, 2017, Docket No. 30.)

## ANALYSIS

### I. STANDARD OF REVIEW

Upon the filing of an R&R by a Magistrate Judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). On nondispositive matters, the Court reviews any portion of the Magistrate Judge's order that has been timely objected to, and will "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *accord* D. Minn. LR 72.2(a).

The Court construes Dahl's *pro se* pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court has reviewed in detail all twenty-three documents that Dahl filed in this case – including both those documents filed before the Magistrate Judge and the additional documents filed in response to the R&R.

### II. THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT

Habeas relief is available to state prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Through AEDPA, Congress limited the availability of relief for petitions for habeas corpus in federal court. The Court may not grant a habeas petition unless the state court's adjudication of the claim

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d). The prisoner bears the burden of rebutting the state court's factual findings "by clear and convincing evidence." § 2254(e)(1). As stated above, § 2244(d) sets out the one-year statute of limitations applicable to this action.

## III. DAHL'S OBJECTIONS TO THE R&R

In his objections, Dahl raises a number of factual arguments about his innocence that he previously discussed in filings before the Magistrate Judge. Dahl also submits a few new itemss of information not discussed in the filings before the Magistrate Judge. First, Dahl alleges that he is gay, and that his trial attorney should have provided this information to the jury because it indicates that he would have been unlikely to rape a female victim. (Obj. to R&R, Feb. 27, 2017, Docket No. 24; Suppl. Obj. at 2, Mar. 8, 2017, Docket No. 29.) Second, Dahl alleges that at the time of the events giving rise to Dahl's conviction, the victim's older brother was a male prostitute and a drug dealer who was intimate with both Dahl and the victim, and the victim accused Dahl of raping her out of jealousy. (Suppl. Objs. at 1, Mar. 6, 2017, Docket No. 28.) Third, Dahl alleges that he has been diagnosed with Alzheimer's disease in prison and therefore he was not

competent to stand trial for the criminal sexual conduct charges back in 2010.[7] (*E.g.*, *id.* at 3.) Below, the Court discusses the two exceptions to the statute of limitations – equitable tolling and a miscarriage of justice – to determine whether any of the information Dahl has provided allows the Court to overlook the statute of limitations.[8]

### A. Miscarriage of Justice Exception for Claims of Actual Innocence

In *McQuiggin v. Perkins*, the Supreme Court recognized that a "miscarriage of justice" exception to the one-year statute of limitations allows for late filing of a habeas petition asserting actual innocence. 133 S. Ct. 1924, 1931-34 (2013). In order to take

---

[7] In addition to these three details, in one of his letters to the Court, Dahl states for the first time that there is a recent Supreme Court decision holding that "employing testimony of minors without first having determined the mental competency of the juvenile on the record constitutes inadmissible evidence." (Letter, Jan. 9, 2017, Docket No. 21.) Dahl further states that the mental competency of the minor victim was never addressed at his trial and therefore he is entitled to a new trial. (*Id.*) After conducting an independent search, the Court cannot locate any Supreme Court case that would afford Dahl the relief he seeks in this letter. Therefore, the Court concludes that Dahl's argument about a change in law cannot overcome the Magistrate Judge's correct conclusion that the petition is time-barred. Furthermore, Dahl never raised this issue in state court, and therefore, it is unexhausted.

[8] The Court briefly addresses Dahl's numerous allegations of constitutional defects in his post-conviction proceedings in state court. The Eighth Circuit has explained that habeas is a vehicle to assert "a constitutional challenge of the detention itself," as opposed to challenging the sufficiency of post-conviction proceedings. *King v. Kelley*, 797 F.3d 508, 511-12 (8th Cir. 2015) (quoting *Jolly v. Gammon*, 28 F.3d 51, 54 (8th Cir. 1994)). Thus, "an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition." *Id.* at 512 (quoting *Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990)).

Dahl alleges that in his post-conviction proceedings in state court, the prosecutor committed misconduct by failing to submit a certain affidavit, the presiding judge was biased against Dahl and in favor of Dahl's trial attorney, and Dahl's trial attorney perjured himself on the stand. Dahl also argues that when his trial attorney stopped testifying mid-hearing because of a medical issue and never returned to the stand, Dahl was deprived of a fair hearing. To the extent that these claims amount to allegations of stand-alone constitutional deprivations in post-conviction proceedings, these claims are not cognizable in a federal habeas petition. *King*, 797 F.3d at 511-12.

advantage of *McQuiggin*'s actual innocence "gateway" to overcome the statute of limitations, a petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him [or her] guilty beyond a reasonable doubt." *Id.* at 1928 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup*, 513 U.S. at 316). While a petitioner asserting actual innocence need not "prove diligence to cross a federal court's threshold . . . . [u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing [of actual innocence]." *Id.* at 1935.

Here, none of the new information Dahl has provided amounts to evidence that, if provided to the jury, would have precluded a guilty verdict. First, while Dahl claims he is gay, this does not negate the possibility that he could have raped a female victim. The Court cannot conclude that no reasonable juror would have convicted Dahl if presented with evidence of his sexuality. Second, while Dahl's theory that the victim and her brother framed Dahl could have had some persuasive value to the jury,[9] the stringent *McQuiggin* standard requires that no reasonable juror would have found Dahl guilty in light of the new evidence. Based on the information before the Court, the Court cannot

---

[9] Because the Court lacks the underlying records from trial, the Court does not know with certainty that this theory in fact was not presented to the jury; the Court operates under the assumption that it was not.

conclude that Dahl's theory of the case would have necessarily defeated the prosecution's competing factual narrative in the eyes of a reasonable jury. Third, Dahl's tangential claims about the victim's brother's illegal activities also would not preclude a reasonable jury from finding Dahl guilty of rape. And lastly, the fact that Dahl alleges a recent Alzheimer's diagnosis does not amount to evidence of actual innocence for acts committed almost a decade ago.

For all of these reasons, the Court finds that Dahl has not provided evidence of actual innocence, as *McQuiggin* requires, in order to overcome the one-year statute of limitations. 133 S. Ct. at 1928.

### B. Equitable Tolling

AEDPA's statute of limitations is subject to equitable tolling "if [the petitioner] shows '(1) that he [or she] has been pursuing his [or her] rights diligently, and (2) that some extraordinary circumstance stood in his [or her] way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *accord Gordon v. Arkansas*, 823 F.3d 1188, 1195 (8th Cir. 2016).

Nowhere in any of his filings does Dahl provide any explanation of the delay in filing his state petition for post-conviction relief, which occurred in March 2014 – one year after the federal statute of limitations expired. Dahl's sexuality and theory of his own innocence do not demonstrate diligence or extraordinary circumstances. And Dahl's allegation that he was recently diagnosed with Alzheimer's in prison does not amount to a showing that he was diligent in pursuing his rights a number of years ago – between

March 2012 and March 2014 – or that there was any extraordinary circumstances preventing filing before March 2013. Without any allegations of diligence and of an extraordinary circumstance, the Court concludes that Dahl is not entitled to equitable tolling and therefore his petition is time-barred under § 2244(d).

## IV. DAHL'S OBJECTION TO THE MAGISTRATE JUDGE'S ORDER DENYING HIS MOTION TO APPOINT COUNSEL

The Magistrate Judge denied Dahl's motion to appoint counsel on November 22, 2016. (*See* Order at 3-4.) On December 7, 2016, the Clerk of Court electronically filed a document Dahl authored that the Court construes as an objection to the order denying the motion to appoint counsel. (*See* Mem. No. 2 at 1-2, Dec. 7, 2016, Docket No. 16.) The Court adds three mail days to the time for filing, *see* Fed. R. Civ. P. 6(d), and thus considers Dahl's objections to the denial of the motion to appoint counsel timely, *see* Fed. R. Civ. P. 72(a) (requiring objections to Magistrate Judge orders on nondispositive issues to be filed within fourteen days).

The Court reviews the Magistrate Judge's orders on nondispositive issues with great deference, reversing only if the decision is "clearly erroneous or contrary to law." *Munt v. Larson*, No. 15-582, 2016 WL 4435671, at *9 (D. Minn. Aug. 19, 2016). The Magistrate Judge applied the correct legal standard, considering the relevant factors as articulated by the Eighth Circuit. *See id.* (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)); (Order at 2). While Dahl complains that he has difficulty piecing together written arguments due to memory loss, the Magistrate Judge concluded that Dahl "has the ability to articulate his claims, to argue his positions, and to

communicate effectively with the Court." (Order at 3.) After reviewing Dahl's voluminous written filings, the Court finds that the Magistrate Judge's conclusion on this point is not clearly erroneous. The Court also does not find clearly erroneous the Magistrate Judge's conclusion that the facts and legal issues raised are not "so complex as to warrant appointment of counsel at this time." (*Id.*) Therefore, the Court will overrule Dahl's objections to the Magistrate Judge's order denying without prejudice Dahl's motion to appoint counsel.

## V. CHALLENGE TO CONDITIONS OF CONFINEMENT

In a number of his submissions to the Court, Dahl complains that he is not receiving medication to which he is entitled to slow the progression of Alzheimer's. (Suppl. Objs. at 1, Mar. 6, 2017, Docket No. 27; Suppl. Obj. at 2-3, Mar. 8, 2017, Docket No. 29; Suppl. Objs. at 2, Mar. 9, 2017, Docket No. 30.) Dahl also sent a letter to the Clerk of Court asking if he may file a habeas petition to address this issue. (Letter to Clerk's Office, Jan. 3, 2017, Docket No. 19.) The Court briefly addresses the issue here.

Challenges to the conditions of confinement, as opposed to the length or legality of detention, are not cognizable claims in habeas petitions in the Eighth Circuit. *Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014). Based on the information before the Court, it appears that Dahl may at some point have a viable claim under the Eighth and Fourteenth Amendments that prison officials have been deliberately indifferent to his serious medical needs – a claim properly brought in a civil rights lawsuit under 42 U.S.C. § 1983. *See, e.g.*, *Dadd v. Anoka County.*, 827 F.3d 749 (8th Cir. 2016) (considering a

prisoner's claim of deliberate indifference to serious medical need under the framework of § 1983).

In *Spencer v. Haynes*, a *pro se* federal prisoner improperly attempted to use a § 2255 petition as a vehicle to raise an Eighth Amendment challenge to his conditions of confinement.[10] 774 F.3d at 469-70. The Eighth Circuit held that the district court had erred in dismissing a habeas petition when it could have liberally construed the petition and "recharacterize[d the petitioner's] claim into the correct procedural vehicle for the claim asserted." *Id.* at 471.

The *Spencer* court further directed that instead of automatically converting such petitions to the proper civil rights vehicle sua sponte, district courts should "first obtain the consent of the pro se individual before converting their claims." *Id.* This is because there may be some detriment to a petitioner to have a habeas petition automatically converted to a civil rights case subject to the requirements of the Prison Litigation Reform Act ("PLRA"). Under the PLRA, before filing a civil rights complaint, a prisoner must exhaust all available administrative remedies, 42 U.S.C. § 1997e(a), and pay the full $350.00 filing fee, 28 U.S.C. § 1915(b), either up front or installments over time. Additionally, the PLRA contains a three strikes provision, under which there is a

---

[10] The standard articulated in *Spencer* also applies to habeas petitions filed by state prisoners pursuant to § 2254. *See, e.g.*, *Carter v. Minnesota*, No. 16-3455, 2016 WL 6916842, at *1 (D. Minn. Oct. 25, 2016) (applying *Spencer* in the context of a § 2254 petition), *R&R adopted*, 2016 WL 6916807 (D. Minn. Nov. 22, 2016).

"strike" for each lawsuit or appeal filed that is dismissed because it is frivolous, malicious, or does not state a proper claim. § 1915(g).

Here, although the Court finds that Dahl may be able to state a viable claim under § 1983 based on the prison's alleged failure to provide medication, even under a liberal construction, Dahl's filings fail as a matter of law to state such a claim here.[11] Therefore, instead of giving Dahl the option of converting this action to a § 1983 civil rights lawsuit, only to dismiss that suit for failure to state a claim which would result in a strike, the Court will dismiss Dahl's conditions-of-confinement claim without prejudice. *See Spencer*, 774 F.3d at 471 (explaining that recharacterization of a habeas petition as a civil rights lawsuit is appropriate when the habeas petition states a potentially viable civil rights claim).[12] Dahl is free to file a civil rights lawsuit under § 1983, subject to the

---

[11] "To state a claim for deliberate indifference, [Dahl] must show that he was suffering from an objectively serious medical need, and that prison officials knew of the need but deliberately disregarded it." *Dadd*, 827 F.3d at 755. While Dahl does allege that he has Alzheimer's disease, which is likely sufficient to satisfy the requirement that a petitioner allege an "objectively serious medical need," Dahl has not alleged facts about whether prison officials deliberately disregarded Dahl's medical need. Denying a prisoner access to a prescribed medication may amount to deliberate disregard of the prisoner's medical need. *Id.* at 757. Here, while Dahl argues that he is entitled to various medications that he is not getting, he has not alleged that a doctor has prescribed or recommended any medications. Dahl may possess additional information relevant to a charge of deliberate disregard of medical need, including allegations about specific medications that his doctor has prescribed or recommended and which prison officials refuse to provide. Dahl may include any such allegations in a complaint pursuant to § 1983 if he so chooses.

[12] In addition, there is no indication that Dahl has exhausted administrative remedies for his conditions-of-confinement claim. Converting the action to a § 1983 case would commit Dahl to paying a $350.00 filing fee even though it appears there is little likelihood that the case would not soon be dismissed for failure to exhaust.

requirements of the PLRA, arguing that prison officials are deliberately disregarding a serious medical need by failing to provide him with doctor-recommended medication.

## VI. CERTIFICATE OF APPEALABILITY

On February 27, 2017, Dahl filed a document styled as a motion to dismiss the denial of a certificate of appealability. (Mot. for Dismissal of Denied for Certificate of Appealability, Feb. 27, 2017, Docket No. 25.) The document does not contain an explanation of why the Magistrate Judge erred, in Dahl's view, in recommending that the Court decline to issue a certificate of appealability. Further, the Court finds no error in the Magistrate Judge's conclusion that it is unlikely that another court would decide the issues herein differently. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Thus, the Court will overrule Dahl's objection to the R&R's recommendation that the Court decline to issue a certificate of appealability.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** James Donald Dahl's Objections [Docket Nos. 23-30], and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 22]. **IT IS HEREBY ORDERED** that:

1. Dahl's claim that his conditions of confinement are unconstitutional is **DISMISSED without prejudice**. All remaining claims in Dahl's Petition for Writ of Habeas Corpus [Docket No. 2] and supplemental filings [Docket Nos. 3-6, 9, 11-12, 14-19, 21, 23-30] are **DISMISSED with prejudice**.

2. The Court does not grant a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c)(1)(A).

**IT IS FURTHER HEREBY ORDERED** that:

3. Dahl's objections to the Magistrate Judge's order denying Dahl's Motion to Appoint Counsel [Docket No. 16] are **OVERRULED**, and the Court **AFFIRMS** the Order of the Magistrate Judge [Docket No. 13.]

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 20, 2017　　　　　　　　　_____s/John R. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　　United States District Court